## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| TASHA CHAPMAN, <br>     Plaintiff, <br><br> vs. <br><br> THE STATE OF OHIO, <br><br>     Defendant. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Case No. 2:24-cv-843 <br><br><br> District Judge Algenon L. Marbley <br> Magistrate Judge Elizabeth P. Deavers <br><br> **REPORT AND** <br> **RECOMMENDATION** |

Plaintiff has filed a pro se civil rights complaint and motion to stay state court proceedings in this Court. (*See* Doc. 1-1, 2).

By separate Order plaintiff has been granted leave to proceed *in forma pauperis*. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

### A. Legal Standard

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot

make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual

2

allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

### B. Allegations in the Complaint

Plaintiff brings this action in connection with her conviction and sentence on one count of vandalism in the Franklin County, Ohio Court of Common Pleas, Case Number 21-CR-1076. Review of plaintiff's complaint, as well as the relevant state-court docket records, indicates that plaintiff was sentenced to a thirty-six month term of community control on July 5, 2023 following a jury trial. Plaintiff filed a notice of appeal on July 28, 2023, which was dismissed on April 5, 2024 based on plaintiff's failure to file an appellate brief.[1] It does not appear that plaintiff has filed an appeal or delayed appeal to the Ohio Supreme Court.

In the instant action, plaintiff has filed a complaint form and an attached document entitled "Complaint and Statement in Support of Notice of Removal Pursuant to FRCP 11 and Request for Evidentiary Hearing," as well as a motion seeking to stay the state-court proceedings. (*See* Doc. 1, 2). Plaintiff indicates that she was "prosecuted by state impersonators under a fraudulent

---

[1] Viewed at https://fcdcfcjs.co.franklin.oh.us/CaseInformationOnline/ under Case No. 21-CR-1076 and 23-AP-460. This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

3

municipal corporation's nefarious operations which is the resolve of exciting laws in Ohio." (Doc. 1-2 at PageID 8). Plaintiff asserts that the State prosecution lacked authority or subject-matter jurisdiction to prosecute her and that the prosecutor violated American Bar Association standards and several provisions of state and federal law in the course of her state-court criminal proceedings. (*Id.* at PageID 9-12). Plaintiff asserts that she was wrongfully convicted in violation of her constitutional rights. (*Id.* at PageID 12. *See also* Doc. 2 at PageID 19, 31-35).

As relief, plaintiff seeks an Order from this Court to dismiss her criminal convictions, as well as award money damages. (*See* Doc. 1-2 at PageID 13). In the motion to stay, plaintiff requests that the Court stay her state court proceedings/execution of her sentence. (*See* Doc. 2).

**C. Analysis**

As an initial matter, to the extent that plaintiff seeks to remove her state criminal proceedings to this federal court, plaintiff fails to establish any basis upon which the Court could conclude that removal of her state-court criminal proceedings was proper. *See Ohio v. Bey*, Case No. 1:22-cv-660, 2023 WL 317512, at *1 (S.D. Ohio Jan. 19, 2023) (finding that a state-court defendant "cannot magically transform the state criminal case against him into a federal civil case"); *see also Ohio v. Watson*, No. 1:22-cv-707, 2023 WL 6894811, at *2 (S.D. Ohio Oct. 18, 2023) (rejecting the plaintiff's attempt, through removal, to convert his state criminal case into a federal civil case and remanding the action to the state court). 28 U.S.C. § 1443 allows the removal of a criminal prosecution commenced in State court against any person who is denied or cannot enforce in the State courts a right under any law providing for the equal civil rights of citizens of the United States. However, plaintiff fails to allege, much less plausibly demonstrate, that her prosecution and conviction violated laws providing for "racial equality" or that she is unable to enforce her federal rights in state court. *See Johnson v. Mississippi*, 421 U.S. 213, 219 (1975)

4

(setting forth two-pronged test for removal under § 1443(1)). Furthermore, to the extent that plaintiff may contend that removal is proper under 28 U.S.C. § 1455, she failed to file her notice of removal within thirty (30) days after her arraignment or prior to trial.[2] *See* 28 U.S.C. § 1455(b)(2). Accordingly, to the extent plaintiff seeks removal of her state court criminal proceedings, this action should be dismissed and summarily remanded to the state court. 28 U.S.C. § 1455(b)(4).

Plaintiff's civil rights complaint should otherwise be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

As noted above, plaintiff claims that her violation was obtained in violation of her constitutional rights and seeks relief in the form of the termination of her conviction/sentence and money damages. (*See* Doc. 1-2 at PageID 13; Doc. 2 at PageID 31-35).

However, to the extent that plaintiff seeks to challenge the constitutionality of her conviction/sentence or requests the dismissal of her criminal conviction and termination of her sentence, her sole remedy is through a petition for a writ of habeas corpus under 28 U.S.C. § 2254. *See Prieser v. Rodriguez*, 411 U.S. 475, 500 (1973).

To the extent that plaintiff seeks money damages based on her allegedly unconstitutional conviction, her claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). A judgment in plaintiff's favor on claims stemming from plaintiff's state criminal proceedings and the imposition of her sentence would necessarily imply that her conviction and sentence are invalid. *See id.*, 512 U.S. at 487. Because plaintiff has not alleged facts indicating that her sentence has

---

[2] Plaintiff's criminal proceedings commenced in April 2022, with plaintiff entering a plea of not guilty on April 4, 2022. Following a jury trial, plaintiff was found guilty of one count of vandalism on May 1, 2023. The instant action was not initiated until February 27, 2024. (*See* Doc. 1).

been invalidated by a federal or state court or other appropriate tribunal, she may not proceed with such a claim for damages in this § 1983 action.

Accordingly, in sum, plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

## IT IS THEREFORE RECOMMENDED THAT:

1. To the extent that plaintiff seeks removal of her state-court proceedings, this action should be **DISMISSED.**

2. The plaintiff's complaint otherwise be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

3. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

Date: September 20, 2024          s/ *Elizabeth A. Preston Deavers*
                         Elizabeth A. Preston Deavers
                        United States Magistrate Judge